NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO MELECIO PASTOR-RENOJ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 14-72097 Agency No. A200-691-664 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019[**]

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Pedro Melecio Pastor-Renoj, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

In his opening brief, Pastor-Renoj fails to challenge the agency's denial of his asylum and CAT claims. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). Therefore, Pastor-Renoj's asylum and CAT claims fail.

As to withholding of removal, Pastor-Renoj claimed membership in the social group of individuals who refuse to join gangs. The agency did not err in finding that Pastor-Renoj failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Pastor-Renoj fails to challenge the agency's determination that the harm

he suffered in Guatemala based on his Quiche ethnicity did not rise to the level of persecution. *See Corro-Barragan*, 718 F.3d at 1177 n.5. Thus, we deny the petition for review as to Pastor-Renoj's withholding of removal claim.

**PETITION FOR REVIEW DENIED.**